UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATCAP, LLC )<br>c/o BDB AGENT CO. )<br>3800 Embassy Parkway, Suite 300 )<br>Akron, Ohio 44333 )<br> )<br>     Relator )<br> )<br>vs. )<br> )<br>SAFARILAND, LLC )<br>3120 E. Mission Boulevard )<br>Ontario, California 91761 )<br> )<br>     And )<br> )<br>13386 International Parkway )<br>Jacksonville, Florida 32218 )<br> )<br>     Defendant. ) | CASE NO.:<br><br>JUDGE:<br><br><br>COMPLAINT AND JURY DEMAND |

**COMPLAINT AND JURY DEMAND**

*Qui tam* relator Patcap, LLC ("Patcap"), for its Complaint against Defendant Safariland, LLC (the "Defendant"), alleges as follows:

**BACKGROUND**

1.    This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2.    Defendant has marked upon, affixed to, and/or used in advertising in connection with certain products the word "patent" and/or words or numbers importing that the product is patented, while Defendant knew that the articles were improperly marked. More specifically, Defendant has violated 35 U.S.C. § 292(a) by marking products with

1

invalid and unenforceable patent rights with the purpose of deceiving the public. *See, The Forest Group, Inc. v. Bon Tool Co.*, 590 F.2d 1295, 1302-04 (Fed. Cir., 2009).

3. 35 U.S.C. § 292 exists to provide the public with notice of a party's valid and enforceable patent rights.

4. False marking deters innovation and stifles competition in the marketplace. More specifically, falsely marked articles that are otherwise within the public domain deter potential competitors from entering the same market and confuse the public.

5. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement.

6. False marking can cause unnecessary investment in costly "design arounds" or result in the incurring of unnecessary costs to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

7. False marking deceives the public into believing that a patentee controls the article in question, and permits the patentee to impermissibly extend the term of its monopoly.

8. False marking also increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article. More specifically, in each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.

9. False markings also creates a misleading impression that the falsely marked product is technologically superior to other available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

10. 35 U.S.C. § 292 specifically authorizes *qui tam* actions to be brought by any person on behalf of the United States government.  By permitting members of the public to sue on behalf of the government, Congress allows individuals to help control false marking when the U.S. government does not have the resources to do so.

## THE PARTIES

11. Patcap is an Ohio limited liability company with a mailing address of BDB Agent Co., 3800 Embassy Parkway, Akron, Ohio 44333.

12. Patcap exists to conduct all lawful business, including but not limited to enforcing the false marking statute as specifically permitted by 35 U.S.C. § 292.

13. In this action, Patcap represents the United States and the public, including Defendant's existing and future competitors.

14. Upon information and belief, Safariland, LLC is a Delaware limited liability company with its principal place of business located at 3120 E. Mission Boulevard, Ontario, CA 91761 and/or 13386 International Parkway, Jacksonville, FL 32218.

15. Defendant is registered with the Ohio Secretary of State as a foreign limited liability company and authorized to do business in the State of Ohio.

16. Defendant, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units, regularly conducts and transacts business throughout the United States, including in Ohio and within the Northern District of Ohio.

## JURISDICTION AND VENUE

17. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3

18. This Court has personal jurisdiction over the Defendant. Defendant is registered to do business, has conducted and does conduct business within the State of Ohio. Defendant, directly or through subsidiaries or intermediaries, offers for sale, sells, marks and/or advertises the products that are the subject of this Complaint in the United States, the State of Ohio, and the Northern District of Ohio.

19. Defendant has voluntarily sold the products that are the subject of this Complaint in this District, either directly to customers in this District or through intermediaries with the expectation that the products will be sold and distributed to customers in this District. These products have been and continue to be purchased and used by consumers in the Northern District of Ohio. Defendant has committed acts of false marking within the State of Ohio and, more particularly, within the Northern District of Ohio.

20. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because (i) Defendant's products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendant is subject to personal jurisdiction in this District, as described above.

21. Patcap brings this action under 35 U.S.C. § 292, which expressly provides that any person may sue for the civil monetary penalties imposed for each false patent marking offense.

**FACTS**

22. Upon information and belief, Defendant has, or regularly retains, sophisticated legal counsel, including intellectual property counsel.

23. Upon information and belief, Defendant is a relatively large and sophisticated company

with years of experience applying for patents, obtaining patents, licensing patents, litigating in patent infringement lawsuits, marking products with patents, and/or using in advertising the word "patent" or other words or numbers importing that a product is patented. Defendant, or its predecessor, is listed as the assignee of over 35 patents in the United States Patent and Trademark Office's ("USPTO") database.

24. Upon information and belief, Defendant maintains, or its intellectual property counsel maintains on Defendant's behalf, an intellectual property docketing system with respect to Defendant's intellectual property rights, including Defendant's patents.

25. Defendant knows, or reasonably should know, that 35 U.S.C. § 292 prohibits a person from marking a product with an expired patent number.

26. Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

27. Defendant's false marking of products has wrongfully stifled competition with respect to such products thereby causing harm to Patcap, the United States, and the public.

28. Defendant has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

29. Defendant has violated 35 U.S.C. § 292, which prohibits a person from marking a product with an expired patent number.

## COUNT 1
## FALSE MARKING

30. Patcap incorporates by reference the foregoing paragraphs as if fully set forth herein.

5

31. The application for United States Patent No. 4,340,437 (the "'437 Patent"), titled *Method of producing a moisture-insensitive molded leather holster,* was filed on March 10, 1980 and issued by the USPTO on July 20, 1982. *See* Exhibit A.

32. The '437 Patent expired no later than March 10, 2000, more than 10 years ago.

33. Defendant knew that the '437 Patent expired at least as early as March, 2000.

34. The application for United States Patent No. 4,694,980 (the "'980 Patent"), titled *Handgun holster,* was filed on February 10, 1986 and issued by the USPTO on September 22, 1987. *See* Exhibit B.

35. The '980 Patent expired no later than February 10, 2006, more than 4 years ago.

36. Defendant knew that the '980 Patent expired at least as early as February, 2006.

37. As of September 9, 2010, Defendant continues to sell, import, offer for sale or display the following product (the "Falsely Marked Product") which is marked with the '437 Patent and the '980 Patent (collectively, the "Expired Patents"), despite the fact that said patents expired more than 10 years ago and more than 4 years ago, respectively: Safariland Model 070-77-161 handgun holster. *See* Exhibit C (Photographs of the Falsely Marked Product, including the markings of the Expired Patents, taken of a product offered for sale at Red Diamond Uniform Shop in Austintown, Ohio on September 9, 2010).

38. Upon information and belief, Defendant is selling or offering for sale additional products marked with one or more of the Expired Patents.

39. Defendant falsely marked the Falsely Marked Product with the '437 Patent, which expired over 10 year ago, and the '980 Patent, which expired over 4 years ago.

40. Upon information and belief, Defendant updated its patent markings on the Falsely Marked Product at least once since the expiration of the '437 Patent and added the '980 Patent marking to

6

the Falsely Marked Product at this time.

41. Defendant knew or should have known that marking the Falsely Marked Product with expired and invalid patents violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

42. Defendant intended to deceive the public by marking or causing to be marked the Falsely Marked Product with the Expired Patents, which Defendant knew expired more than 10 years ago and more than 4 years ago, respectively.

## PRAYER FOR RELIEF

WHEREFORE, Relator, Patcap, LLC requests the Court, pursuant to 35 U.S.C. § 292, to:

A. Enter judgment against Defendant and in favor of Patcap for the violations alleged in this Complaint;

B. Enter an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with Defendant, from further violating 35 U.S.C. § 292 by marketing, selling, offering for sale or displaying any product that is marked (including packaging) with any of the Expired Patents;

C. Enter an injunction ordering Defendant to recall all products, including, without limitation, the Falsely Marked Product, that Defendant has sold, caused to be sold or otherwise caused to be placed into commerce that were marked with any of the Expired Patents, after the respective expiration dates of said patents;

D. Order Defendant, jointly and severally, to pay a civil monetary fine of up to $500

per false marking violation, one-half of which shall be paid to the United States and one-half of which shall be paid to Patcap;

E.   Enter a judgment and order requiring Defendant to pay Patcap prejudgment and post-judgment interest on the damages awarded;

F.   Order Defendant to pay Patcap's costs and attorney fees; and

G.   Grant Patcap such other and further relief as it may deem just and equitable.

## DEMAND FOR JURY TRIAL

Relator demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

DATED:  September 10, 2010            Respectfully submitted:

*/s/ David J. Hrina*
Mark J. Skakun, III (No. 0023475)
David J. Hrina (No. 0072260)

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
3800 Embassy Parkway
Suite 300
Akron, OH 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559

Counsel for Relator, Patcap, LLC

«AK3:1040505_v1»